**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. ENGELHAUPT, <br><br> Plaintiff, <br><br> v. <br><br> OREGON CREDIT SYSTEMS, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692** *et seq.* <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Michael C. Engelhaupt ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of Oregon Credit Systems, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and Defendant's violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Eastern District of California, Defendant conducts business in the Eastern District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California, and a substantial part of the property that is the subject of the action is situated in the Eastern District of California.

**PARTIES**

5.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of California.

6.   Defendant is a debt collection agency with its principal place of business located at 7668 SW Mohawk St. Tualatin, Oregon 97062. Defendant's principal business purpose is collecting defaulted debts on behalf of Property Management companies across the West Coast. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7.   Prior to events giving rise, in 2019, Plaintiff filed a small claims lawsuit against his former landlord, Blue Oak Court Apartments ("Blue Oak"), in Anderson, California for failing to return his security deposit after he moved out of his apartment unit.[1]

8.   Blue Oak countersued Plaintiff for damages to the unit he rented ("alleged debt").

---

[1] Plaintiff filed this case in the Superior Court of California, County of Shasta, Case styled: *Michael Engelhaupt v. Blue Oak Court Apartments*, Small Claims Case No. CV-CL-19-00000-44-000.

9.   When the case was to be heard before a judge on August 28, 2019, Blue Oak's representatives failed to appear.

10. As a result, the Court entered a Notice of Entry of Judgement which ruled that neither party owed each other any amount of money.

11. The Notice of Entry of Judgment provides that Plaintiff did not owe Defendant any money on Defendant's claim of damages to the unit Plaintiff rented.

12. After August 28, 2019, Blue Oaks sold or assigned the alleged defaulted debt to Defendant for collections.

13. Between September 2019 and July 2021, Defendant began placing incessant collection calls to Plaintiff's cellular phone, while also mailing Plaintiff dunning letters in an attempt to collect on the alleged debt which was not owed due to the August 29, 2019 Notice of Entry of Judgment.

14. On July 22, 2021, Defendant sent another dunning letter to Plaintiff requesting Plaintiff to pay $1,990.98, for the alleged damages to the apartment Plaintiff rented from Blue Oak.

15. Perplexed as to why Defendant was mailing him, Plaintiff called Defendant and stated that he does not owe the alleged debt because of the August 29, 2019 Notice of Entry of Judgment ordered that Plaintiff did not owe any money to Blue Oak or any of its successors or assigns, including Defendant.

16. Despite knowing Plaintiff does not owe the alleged debt and has an entry of judgement, Defendant continued to contact Plaintiff through phone calls and letters sent to his home address in an attempt to collect on the alleged debt he does not owe.

17. Frustrated with Defendant's *continued* collection attempts, Plaintiff, on many occasions, told Defendant that he does not owe the alleged debt and that he no longer wants to be contacted.

3

18. Defendant continued to reiterate to Plaintiff that he still owes the alleged debt and that they are going to continue to contact him until the alleged debt is paid in full despite the clear order of the Court.

19. Notwithstanding Plaintiff's multiple requests that Defendant's collection attempts cease, Defendant contacted Plaintiff numerous times through phone calls and letters sent to his home address from September 2019 through the present day, in an attempt to collect on a an alleged debt not owed by Plaintiff.

**DAMAGES**

20. Defendant's persisting attempts to collect on a debt not owed by Plaintiff have severely disrupted his daily life and general well-being.

21. Plaintiff has expended time and money consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt Plaintiff does not owe.

23. As an unsophisticated consumer, Plaintiff was led to believe that the alleged subject debt was still owed despite the August 28, 2019, Notice of Entry of Judgment.

24. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, confusion, harassment, emotional distress, anxiety, and loss of concentration.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts on behalf of Property Management companies across the West Coast and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the phone and mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

33. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

34. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect the alleged debt from Plaintiff. Defendant repeatedly contacted Plaintiff seeking to collect upon a debt not owed by Plaintiff because of the August 29, 2019 Notice of Entry of Judgment ordered that Plaintiff did not owe any money to Blue Oak or any of its successors or assigns, including Defendant.

35. . Even after being apprised of its unlawful acts, Defendant continued its illegal efforts in attempting to dragoon Plaintiff into paying a debt which he does not owe due to a valid Court Order. These false, deceptive, and misleading acts of contacting Plaintiff in an attempt to force him to answer its calls and ultimately make a payment, even though the debt was not owed, is confusing and harmful. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him in regards to the alleged debt when it never had prior consent to do so.

**b.  Violations of  FDCPA § 1692f**

36. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on the alleged debt by calling and mailing Plaintiff numerous times in regards to a debt he does not owe. Defendant repeatedly attempted to intimidate Plaintiff into making a payment that he did not legally owe by placing phone calls and mailing collection letters after being told by Plaintiff that a Notice of Entry of Judgment ordered that Plaintiff no longer owed the alleged debt to Blue Oak or any of its successors or assigns, including Defendant.

37. Moreover, Defendant was put on notice that its calls and letters were unwelcomed by Plaintiff, yet Defendant continued to call and mail him letters in an attempt to collect on the alleged debt. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Defendant had enough information to be aware of the fact that a Notice of Entry of Judgment was entered as to the alleged debt. Nevertheless, it persisted with its phone call campaign in contacting Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that is not legally owed by the consumer.

40. Upon information and belief, Defendant systematically attempted to collect debts through unfair conduct and has no procedures in place to assure compliance with the FDCPA.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHAEL C. ENGELHAUPT respectfully requests that this Honorable Court:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Enjoin Defendant from further communicating with Plaintiff;

    d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.17**

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through their conduct in attempting to collection upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10), f and f(1) of the

FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

48. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, MICAHEL C. ENGELHAUPT, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 30, 2021                          Respectfully submitted,

                                             By: */s/ Nicholas M. Wajda*
                                             Nicholas M. Wajda
                                             Cal. Bar No. 259178
                                             Wajda Law Group, APC
                                             6167 Bristol Parkway, Suite 200
                                             Culver City, California 90230
                                             +1 310-997-0471
                                             nick@wajdalawgroup.com
                                             *Counsel for Plaintiff*